# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUAN PERNELL VERRETTE | CIVIL ACTION |
| VERSUS | NO. 08-4240 |
| CRAIG WEBRE, ET AL | SECTION "A"(3) |

## ORDER AND REASONS

The plaintiff, Juan Pernell Verrette, has filed a Request for Production of Documents (Rec. Doc. No. 18) and a Motion to Amend (Rec. Doc. No. 19) in the captioned case. Upon review of the record, the Court has determined that the motions can be disposed of without a hearing.

In the request for production of documents, Verrette seeks to obtain from the defendants copies of his medical records and other prison records listed therein. Rec. Doc. No. 18. This motion is not an appropriate method of obtaining discovery from the defendants. The plaintiff should present any discovery requests to the appropriate party, or non-party, in accordance with Fed. R. Civ. P. 34 and/or Fed. R. Civ. P. 45.[1] To the extent Verrette intends this motion as one to compel discovery from a defendant, the rules of this court require him to first present the discovery to the defendants and then submit with his motion to compel copies of all documentary evidence, including the discovery requests and any responses, necessary for the Court to properly address the motion. See L.R. 7.4. A motion to compel at this time is premature.

---

[1] Defense counsel can be reached at the following address: Misael A. Jiminez, Jr., Lafourche Parish Sheriff's Office, 200 Canal Blvd., Thibodeaux, La., 70301.

In the motion to amend, Verrette seeks to add an additional claim against the Lafourche Parish Detention Center alleging that the prison has adopted policies which violate his First Amendment right to free association with another Muslim inmate, Richard Lay. He claims the policy also effects his right to access to the courts because he can not obtain legal assistance from Lay.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. See Jacobsen v Osborne, 133 F.3d 315, 318 (5th Cir. 1998). However, leave to amend is by no means automatic. Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993); Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. Addington, 650 F.2d at 666.

In exercising its discretion, the Trial Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. Zenith Radio Corp. v. Hazeltime Research, Inc., 401 U.S. 321 (1971).

Verrette's proposed amendment presents a new claim which is unrelated in time and factual basis from those already before the Court. Verrette also seems to assert the claims against the Lafourche Parish Detention Center, which would not be a proper defendant. See Jones v. St.

Tammany Parish Jail, 4 F. Supp.2d 606, 613 (E.D. La. 1998) (ruling that a parish jail is "not an entity, but a building" when dismissing the St. Tammany Parish Jail with prejudice); accord Dale v. Bridges, No. 3:96-CV-3088-AH, 1997 WL 810033 at *1 n.1 (N.D. Tx. Dec. 22, 1997) (Dallas County Jail is not a juridical entity capable of being sued). The amendment, therefore would be futile. Furthermore, Verrette has not shown good cause for this Court to allow the amendment of unrelated claims into this litigation. Accordingly,

**IT IS ORDERED** that Verrette's **Request for Production of Documents (Rec. Doc. No. 18)** and his **Motion to Amend (Rec. Doc. No. 19)** are **DENIED**.

New Orleans, Louisiana, this 20th day of February, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**